IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

In the Matter of the )
Application for Post- )
Conviction Relief of )
)
RONALD F. WYATT )
_____) Case No. 1JU-00-00914 Ci

FILED IN CHAMBERS
STATE OF ALASKA
FIRST JUDICIAL DISTRICT
AT JUNEAU
July 19, 2002
BY: _____

## ORDER DISMISSING APPLICATION FOR POST-CONVICTION RELIEF

Summary of Parties' Motions

Ronald F. Wyatt applies to this Court, where he was convicted in a criminal matter (Case No. 1JU-S93-01416 Cr), for post-conviction relief pursuant to Alaska's post-conviction relief law. In his initial Application, filed the 19th of May 2002, Mr. Wyatt enumerated twenty (20) discrete claims for such relief. Through counsel, Mr. Wyatt then filed his First Amended Application for Post-conviction Relief on the 4th of September 2001. The State of Alaska responded by moving to dismiss Mr. Wyatt's application on the 4th of January 2002. Mr. Wyatt opposes the State's Motion to Dismiss, and filed a Second Amended Application for Post-Conviction

*Alaska Court System*
*Page 1*

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
*Order Dismissing Application for Post-conviction Relief.*

EXHIBIT C
1 of 15

Relief with his Opposition. Mr. Wyatt's Second Amended Application for Post-conviction Relief does not meaningfully expand the basis upon which he seeks relief from his conviction. The State has replied to Mr. Wyatt's Opposition. Mr. Wyatt has subsequently filed two (2) Amended Applications for Post-conviction Relief.

Post-conviction Relief Procedures for Convicted Persons

AS 12.72.010 sets out the bases on which a person convicted of or sentenced for a crime in Alaska may seek relief.[1] The section

---

[1] Sec. 12.72.010 Scope of post-conviction relief. A person who has been convicted of, or sentenced for, a crime may institute a proceeding for post-conviction relief if the person claims
(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;
(2) that the court was without jurisdiction to impose sentence;
(3) that a prior conviction has been set aside and the prior conviction was used as a statutorily required enhancement of the sentence imposed;
(4) that there exists evidence of material facts, not previously presented and heard by the court, that requires vacation of the conviction or sentence in the interest of justice;
(5) that the person's sentence has expired, or the person's probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint;
(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground or alleged error previously available under the common law, statutory law, or other writ, motion, petition, proceeding, or remedy;
(7) that
(A) there has been a significant change in law, whether substantive or procedural, applied in the process leading to the person's conviction or sentence;
(B) the change in the law was not reasonably foreseeable by a judge or a competent attorney;
(C) it is appropriate to retroactively apply the change in law because the change requires observance of procedures without which the likelihood of an accurate conviction is seriously diminished; and
(D) the failure to retroactively apply the change in law would result in a fundamental miscarriage of justice, which is established by demonstrating that, had the changed law been in effect at the time of the applicant's trial, a reasonable trier of fact would have a reasonable doubt as to the guilt of the applicant;
(8) that after the imposition of sentence, the applicant seeks to withdraw a plea of

Alaska Court System
Page 2

In re: Application for PCR of Wyatt, 1JU-00-00914 Ci
Order Dismissing Application for Post-conviction Relief.



EXHIBIT C-2 of 15

which follows, however, expressly precludes applications for post-conviction relief based on certain premises, including situations where: exculpatory evidence has been excluded or incriminating evidence admitted at trial; a sentence is alleged to be excessive; a possible appeal was not taken or an appeal taken and decided adversely for the applicant; too much time has passed since one's conviction or sentencing; or, the claim has previously been decided on its merits or for procedural reasons.[2]

---

guilty or nolo contendere in order to correct manifest injustice under the Alaska Rules of Criminal Procedure; or
(9) that the applicant was not afforded effective assistance of counsel at trial or on direct appeal.  (§ 9 ch 79 SLA 1995)

[2]Sec. 12.72.020 Limitations on applications for post-conviction relief.
(a) A claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if
(1) the claim is based on the admission or exclusion of evidence at trial or on the ground that the sentence is excessive;
(2) the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction;
(3) the later of the following dates has passed, except that if the applicant claims that the sentence was illegal there is no time limit on the claim:
(A) if the claim relates to a conviction, two years after the entry of the judgment of the conviction or, if the conviction was appealed, one year after the court's decision is final under the Alaska Rules of Appellate Procedure;
(B) if the claim relates to a court revocation of probation, two years after the entry of the court order revoking probation or, if the order revoking probation was appealed, one year after the court's decision is final under the Alaska Rules of Appellate Procedure;
(4) one year or more has elapsed from the final administrative decision of the Board of Parole or the Department of Corrections that is being collaterally attacked;
(5) the claim was decided on its merits or on procedural grounds in any previous proceeding; or
(6) a previous application for post-conviction relief has been filed under this chapter or under the Alaska Rules of Criminal Procedure.
(b) Notwithstanding (a)(3) and (4) of this section, a court may hear a claim
(1) if the applicant establishes due diligence in presenting the claim and sets out facts supported by admissible evidence establishing that the applicant
(A) suffered from a physical disability or from a mental disease or defect that precluded the timely assertion of the claim; or
(B) was physically prevented by an agent of the state from filing a timely claim;

Alaska Court System
Page 3

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
*Order Dismissing Application for Post-conviction Relief.*



C-3 of 15

Mr. Wyatt's Claims for Post-conviction Relief

Mr. Wyatt's initial Application for Post-conviction Relief was filed with the Court on the 19th of May 2000. Mr. Wyatt therein claimed a host of violations of his statutory and constitutional rights, most of which claims seem to have been proscribed by the post-conviction relief statute. Mr. Wyatt then satisfied the requirements for payment of a reduced filing fee for his Application, which process took an extended period due in part to his moving from a contract correctional facility in Arizona back into the direct custody of the State of Alaska Department of Corrections. Another extended period was consumed in the process

---

(2) based on newly discovered evidence if the applicant establishes due diligence in presenting the claim and sets out facts supported by evidence that is admissible and
(A) was not known within
(i) two years after entry of the judgment of conviction if the claim relates to a conviction;
(ii) two years after entry of a court order revoking probation if the claim relates to a court's revocation of probation;
(iii) one year after an administrative decision of the Board of Parole or the Department of Corrections is final if the claim relates to the administrative decision;
(B) is not cumulative to the evidence presented at trial;
(C) is not impeachment evidence; and
(D) establishes by clear and convincing evidence that the applicant is innocent.
(c) Notwithstanding (a)(6) of this section, a court may hear a claim based on a final administrative decision of the Board of Parole or the Department of Corrections if
(1) the claim was not and could not have been challenged in a previous application for post-conviction relief filed under this chapter or under the Alaska Rules of Criminal Procedure; and
(2) a previous application for post-conviction relief relating to the administrative decision has not been filed under this chapter or under the Alaska Rules of Criminal Procedure. (§ 9 ch 79 SLA 1995)
See also Alaska R. Crim. P. 35.

*Alaska Court System*
*Page 4*

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
Order Dismissing Application for Post-conviction Relief.

EXHIBIT C- 4 of 15

of appointment of counsel, resulting in Mr. Wyatt's obtaining representation at public expense by James D. Oswald on contract with the State of Alaska's Office of Public Advocacy.

Mr. Wyatt filed his First Amended Application for Post-conviction Relief on the 4th of September 2001, accompanied by numerous affidavits from various persons involved in defending Mr. Wyatt in the course of his trial, conviction, and subsequent appeal to the Alaska Court of Appeals and Petition for Review to the Alaska Supreme Court. The gravamen of the First Amended Application, which comprises fifteen (15) discrete bases for relief, is that at trial Mr. Wyatt ought to have been given the opportunity to testify or to waive his right to testify clearly and unambiguously. By not eliciting such a clear and unmistakable waiver, Mr. Wyatt alleges that the Court violated his rights under the U.S. and Alaska Constitutions. Secondly, Mr. Wyatt claims he ought to have been able to confront the person (i.e., the decedent) who made a statement, which Mr. Wyatt at trial alleged to be inadmissible hearsay. Thirdly, Mr. Wyatt claims he was the victim of improper character evidence, and also that he was prevented from attacking the character of a prosecution witness. Fourthly, Mr. Wyatt claims, "the trial court's instructions," prevented his presentation of his primary defense theory of police incompetence.

*Alaska Court System*
*Page 5*

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
Order Dismissing Application for Post-conviction Relief.


EXHIBIT C-5 of 15

Fifthly, Mr. Wyatt alleges that jury instructions failing to allow for a finding of a lesser-included offense prevented his receipt of a fair trial, which he cites as evidence of the general ineffectiveness of legal counsel representing Mr. Wyatt at trial. Moreover, Mr. Wyatt argues that appellate counsel reiterated mistakes made by trial counsel in not pursuing or obtaining relief from the appellate courts at both levels available in Alaska's legal system.

The State moved to dismiss Mr. Wyatt's Application on the 4th of January 2002 arguing its facial deficiency. The State argues that there was no factual basis for Mr. Wyatt to claim ineffective assistance of counsel, because counsel was at least minimally competent and there was no prejudice to Mr. Wyatt. The State argues that all evidentiary rulings advanced as bases for post-conviction relief by Mr. Wyatt exceed the statutory parameters for such relief, and further argues that claims not appealed or decided adversely on appeal violate the statutory boundaries for post-conviction relief. The State argues that the two-prong test for ineffective assistance of counsel has not been met for alleged ineffectiveness by either trial or appellate counsel.

Mr. Wyatt filed an Opposition to the State's Motion to Dismiss on the 1st of April 2002, accompanied by a Second Amended



EXHIBIT

C-6 of 15

Application for Post-conviction Relief. Mr. Wyatt asserts that by filing a Motion to Dismiss, instead of countering the factual allegations in the Application, the State seeks to have the Court use a standard similar to that used when deciding a motion under Alaska Rule of Civil Procedure 12(b)(6) in determining whether to dismiss Mr. Wyatt's Application for failure to allege facts that, if taken as true, would provide a basis for post-conviction relief.[3]

In his Opposition Mr. Wyatt first claims that Alaska law requires an explicit statement by any defendant who is waiving his right to testify, citing LaVigne v. State.[4] Alaska law requires that the decision not to testify be made by the defendant, not the defendant's attorney, and that a trial court ensure that a defendant knows the law allows only the defendant to make this important choice.[5] In LaVigne the Alaska Supreme Court found unequivocally that the defendant's attorney had usurped the accused's right to testify or remain silent and imposed the latter course on him.[6] The case at bar distinguishes itself in that there is no argument that Mr. Wyatt's attorney usurped his client's decision-making capacity. Mr. Wyatt instead argues that because he

---

[3] DeJesus v. State, 897 P.2d 608, 617 (Alaska App. 1995).
[4] 812 P.2d 217, 222 (Alaska 1991).
[5] Id. at 219.
[6] Id. at 220.

Alaska Court System
Page 7

In re: Application for PCR of Wyatt, 1JU-00-00914 Ci
Order Dismissing Application for Post-conviction Relief.

EXHIBIT C-7 8/15

was not made to recite certain words, he effected no valid waiver of his right to testify.

The Court finds that Mr. Wyatt knowingly and intelligently waived his right to testify. On the facts as alleged by Mr. Wyatt, he knew that the decision not to testify was his and his alone. Upon affirming his knowledge of this legal truth to the Court, Mr. Wyatt remained silent and allowed the defense to rest. It strains credulity to see him now claim to seek sincerely to have his conduct interpreted as a reservation (let alone an assertion) of his individual constitutional right to testify. To allow Mr. Wyatt's argument to prevail in his Application for Post-conviction Relief would allow a defendant to fool the Court by first explicitly acknowledging his awareness of a fundamental right, then allowing that right to expire unused, and then later to claim that that right was denied him. Separate problems would arise if the Court were to compel an individual to assert by speaking certain words before the Court that he is waiving his right to testify, as this coercion could be seen as forced testimony.

Mr. Wyatt argues that his constitutional rights to confrontation are implicated in his search for post-conviction relief based on the admission of a statement he alleged at trial to be impermissible hearsay. Mr. Wyatt offers this argument in spite

of the clear prohibition on basing an application for post-conviction relief on an evidentiary ruling at trial, and also in contravention of the statute's clear proscription on basing an application for post-conviction relief on an issue decided on appeal. Wyatt argues that his hearsay argument at trial was of constitutional magnitude and thus escapes the statutory prohibition on post-conviction relief on such a basis. The first case Mr. Wyatt cites holds that a hearsay statement may only be admitted under the residual *aegis* if the Court finds it trustworthy and likely to be true, which in that instance the trial court ought not to have done given her subsequent incongruous statements.[7] In the case at bar Mr. Wyatt does not specifically assert, but seems to imply, that the statement by the decedent was excepted from the prohibition on hearsay under the residual *aegis*. This is not reflected in the record. Moreover, the Alaska Supreme Court explicitly held that the hearsay statement at issue here was admitted under the state-of-mind exception -- and not as merely residual -- and that Mr. Wyatt's constitutional rights to confrontation were not abrogated.[8]

---

[7] Ryan v. State, 899 P.2d 1371, 1375 (Alaska App. 1995).
[8] State v. Wyatt, 981 P.2d 109, 114 & 115 (Alaska 1999).

*Alaska Court System*
*Page  9*

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
*Order Dismissing Application for Post-conviction Relief.*

EXHIBIT C - 9 of 15

The Court finds that Mr. Wyatt's evidentiary-ruling bases for post-conviction relief are statutorily impermissible, and dismisses his Application for Post-conviction Relief in so far as it is based on arguments about admitted evidence.

The statutory ban on basing an application for post-conviction relief on a matter already decided on appeal further justifies the dismissal of these components of Mr. Wyatt's Application for Post-conviction Relief. The Court finds that all claims which were decided to Mr. Wyatt's detriment on appeal, or which he failed to appeal, are not permissible and are dismissed.

Mr. Wyatt argued on appeal that the Court denied him a fair trial by not instructing the jury *sua sponte* as to the possibility of finding him guilty of a lesser-included offense. As stated above, this precludes Mr. Wyatt from seeking post-conviction relief pursuant to his *sua sponte* argument. Mr. Wyatt now asserts that he received ineffective assistance of counsel by virtue of his attorney's failing to seek jury instructions relating to a lesser-included offense. This argument has been precluded by the Alaska Court of Appeals which has held that there must be some evidence adduced at trial to trigger the giving of a jury instruction

*Alaska Court System*
*Page 10*

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
*Order Dismissing Application for Post-conviction Relief.*

EXHIBIT C
C-10 of 15

desired by a defendant.[9] In the case at bar, the only defense theory Mr. Wyatt presented at trial was that Mr. Wyatt had nothing to do with the killing of his wife, and there was thus not "some evidence" of a lesser included offense.

Mr. Wyatt further argues that he received ineffective assistance of counsel at trial when his attorney failed to have a blood sample in evidence independently tested. This theory fails to provide a sufficient basis for a valid claim for post-conviction relief. The standard for effective assistance of counsel is set out in Risher v. State, and it is a reasonable hurdle for an attorney to clear:

> Lawyers may display a wide spectrum of ability and still have their performance fall within the range of competence displayed by one of ordinary training and skill in the criminal law. It is only when the ability is below the nadir of that range that we would hold it to constitute a deprivation of effective assistance of counsel. We are not condoning the second-guessing of trial counsel in making the myriad decisions encountered in a criminal trial, for it is a truism that hindsight furnishes 20-20 vision. All that is required of counsel is that his decisions, when viewed in the framework of trial pressures, be within the range of reasonable actions which might have been taken by an attorney skilled in the criminal law, regardless of the outcome of such decisions.[10]

---

[9] Ha v. State, 892 P.2d 184, 190 (Alaska App. 1995).
[10] 523 P.2d 421, 424 (Alaska 1974).

Alaska Court System
Page 11

In re: Application for PCR of Wyatt, 1JU-00-00914 Ci
Order Dismissing Application for Post-conviction Relief.

EXHIBIT
C-11 of 15

In the decision not to adopt and present to the jury mutually-exclusive defense theories and thus necessitate seeking a lesser-included offense instruction, counsel for Mr. Wyatt did not, in the Court's opinion, fall below the <u>Risher</u> nadir. Whether the choice by counsel for Mr. Wyatt was conscious or not, Mr. Wyatt was not the victim of ineffective assistance of counsel.

As to counsel for Mr. Wyatt's affirmation that he was unaware of the blood sample from the Wyatts' basement, and the presumably resultant failure to have independent tests done, the Court looks to the second component of the <u>Risher</u> test for ineffective assistance of counsel:

> There is a further highly relevant consideration which we find present in the cases brought to our attention in which convictions have been reversed for ineffective assistance of counsel. The conduct of counsel must have contributed to the eventual conviction. A defendant has not suffered an unconstitutional deprivation of effective assistance of counsel because of error committed by his attorney which it no manner contributed to his conviction.[11]

Assuming *arguendo* that there exists not a single competent attorney in Alaska who would have been unaware of the blood sample, and thus failed to have it independently tested, even if the test results were that it was bleach, Mr. Wyatt's blood, or salmon or deer




blood, such a result would not of itself have proved exculpatory given the magnitude of the remainder of the State's case against Mr. Wyatt. Therefore, if counsel for Mr. Wyatt failed the first part of the Risher test, his failure still passes the second part of said test. The Court once again finds that Mr. Wyatt received effective assistance of counsel at trial.

Mr. Wyatt further alleges that he suffered from ineffective assistance of counsel on appeal, during both his appeal of right and petition for review. The essence of Mr. Wyatt's argument in this regard is that appellate counsel ought to have appealed more issues, if not every issue, which contributed to Mr. Wyatt's conviction at trial. The State points to Tucker v. State in support of the proposition that the decision to appeal less than the greatest possible number of issues may, in some cases, be viewed as a sign of the effectiveness -- and not the ineffectiveness -- of appellate counsel.[12] The State's reasoning in this regard is persuasive, and the Court finds that Mr. Wyatt was effectively assisted by legal counsel at both appellate levels.

Mr. Wyatt's assertion that the Court's statement that, "the troopers are not on trial," was an improper jury instruction is

---

[11] Id. at 424 & 425 (footnote omitted)..
[12] 892 P.2d 832, 837 (Alaska App. 1995).

*Alaska Court System*
*Page 13*

In re: Application for PCR of Wyatt, 1UU-00-00914 Ci
Order Dismissing Application for Post-conviction Relief.

EXHIBIT

C-13 of 15

without merit, and is not a basis for post-conviction relief. Factual statements from the bench that clarify the issues for the jury and prevent their confusion are made pursuant to the inherent duty of the Court to preside over the effective administration of justice. Similarly, Mr. Wyatt's allegation that the Court's refusal to give a "theory of the case" instruction affords Mr. Wyatt an opportunity for post-conviction relief is meritless and Mr. Wyatt fails to advance any law in support of this argument. Mr. Wyatt can not obtain post-conviction relief based on the jury instructions given at trial because he has failed to show how the instructions were either incomplete, incorrect, or beyond the discretion of the Court.[13]

Finally, Mr. Wyatt claims he was the victim of prosecutorial misconduct during trial and especially in closing arguments. The Court finds that even taking as true all the factual allegations made by Mr. Wyatt regarding the statements made by the prosecuting attorney, nothing in this assemblage of statements approaches prosecutorial misconduct. Mr. Wyatt is not entitled to post-conviction relief on the basis of prosecutorial misconduct.

---

[13] Stoneking v. State, 800 P.2d 949, 950 (Alaska App. 1990).

*Alaska Court System*
Page 14

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
Order Dismissing Application for Post-conviction Relief.



Mr. Wyatt's remaining purported bases for post-conviction relief all run afoul of the statutory parameters governing the post-conviction relief process in Alaska. The Court denies and dismisses Mr. Wyatt's Application for Post-conviction Relief.

Conclusion

Mr. Wyatt's Application for Post-conviction Relief is dismissed as each and every discrete issue Mr. Wyatt presents as a basis for post-conviction relief is barred by the pertinent statutes. Mr. Wyatt's conviction and sentence stand unaltered.

Dated this 19th day of July 2002, at Juneau, Alaska.

_____
Larry R. Weeks
Superior Court Judge

I certify that on the 19th day of July 2002, I served the above order on the following parties:

*Alaska Court System*
*Page 15*

In re: *Application for PCR of Wyatt*, 1JU-00-00914 Ci
*Order Dismissing Application for Post-conviction Relief.*

EXHIBIT C-15 of 15