```
FILED IN CHAMBERS
STATE OF ALASKA
FIRST JUDICIAL DISTRICT
AT JUNEAU
March 4, 2003
BY: Sverdlef
```

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

RONALD F. WYATT,
    Plaintiff,

vs.

STATE OF ALASKA,
    Defendant.

Case No. 1JU-00-914CI

## ORDER AGAIN DISMISSING THE PETITION FOR POST CONVICTION RELIEF

Mr. Wyatt was convicted of Murder and Tampering with Evidence in October 1993. He appealed his conviction to the Alaska Court of Appeals and the Alaska Supreme Court. Both courts affirmed the judgments. Mr. Wyatt filed a petition for Post-Conviction Relief in this case and ultimately was appointed counsel who filed various additional amended petitions.

The court ultimately dismissed the petition on motion of the State in July of 2002. Mr. Wyatt's appointed counsel asked for reconsideration and filed over 200 pages of materials in support. The court granted reconsideration and the State opposed.

The court after having reconsidered the dismissal again dismisses the petition for post conviction relief.

RECEIVED

EXHIBIT D
1 of 3

Alaska Court System
1

Wyatt v. State, 1JU-00-914CI; Order Again Dismissing Petition for Post Conviction Relief

The court does so on the grounds previously set out and for the procedural reasons stated by the prosecution and as explained below. Matters were raised on reconsideration that had not been raised previously. This is beyond the provisions allowed on reconsideration and the matters are denied for those reasons too although some of the claims are reviewed below.

Most of the points raised by counsel are proscribed by the statute on post conviction relief.[1] Others were either raised on appeal or could have been raised on appeal and may not be raised in a post conviction relief proceeding. None amount to constitutional violations, even if violations.

Counsel accuses the prosecutor at trial of lying, of hiding material evidence and of misrepresenting facts to the court and jury. Counsel suggests witness tampering and other misconduct. Counsel should review Cathey v. State.[2]

If Mr. Wyatt believes there are inaccuracies in the prosecutor's opening statement he must bring out those points during the case or closing or they are waived. The prosecutor's closing was arguable

---

[1] AS 12.72.010

[2] 60 P.3d 192

D 2 of 3



Alaska Court System
Page 2

Wyatt v. State, 1JU-00-914CI; Order Again Dismissing Petition for Post Conviction Relief

inferences from the evidence.[3]

No showing of any witness tampering is made and there is no right to a hearing on the present record.

There is no "hiding" of exculpatory evidence if Mr. Wyatt knows of it. Mr. Wyatt clearly knew more about the bank accounts than the prosecutor did. If he wants that brought out at trial he must bring it to the attention of his lawyer, not wait for ten years after review by two appellate courts. This is the essence of the law of waiver.

Trial and appellate counsel for Mr. Wyatt have raised numerous points, some valid, some arguable and some frivolous. None have the importance, even if true, to cause this case to be set aside. The evidence of guilt was overwhelming.

Dated March 2, 2003

_____
Larry Weeks
Superior Court Judge

I certify that I served James Oswald and Michael McLaughlin the above pleading on this _3_ day of March 2003 by mailing it to them.

_____
Tracy Ver Velde
Professional Assistant

---

[3] Sam v. State, 842 P.2d 596 (Alaska App. 1992)

**EXHIBIT**

Alaska Court System
Page 3

D 3 of 3

Wyatt v. State, 1JU-00-914CI; Order Again Dismissing Petition for Post Conviction Relief