**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

RONALD F. WYATT,

Plaintiff,

v.

FRANK LUNA,

Defendant.

3:05-cv-00116-ACP-MMS

**ORDER ADOPTING REPORT AND RECOMMENDATION**
[Dkt. 242]

Ronald Wyatt was convicted of murdering his wife over three decades ago and has been challenging his conviction ever since. (Dkt. 242 at 1) Included among those challenges is a federal habeas petition under 28 U.S.C. § 2255 that was first filed twenty-one years ago which is finally under advisement. (Dkt. 242 at 1) The Honorable Magistrate Judge Matthew M. Scoble issued a report and recommendation rejecting Wyatt's various claims for relief and recommending against the issuance of a certificate of appealability. (Dkt. 242) Having reviewed the report and recommendation *de novo,* alongside the objection[1] and reply filed by the parties, the report and recommendation is approved and **ADOPTED** in full. (Dkts. 233, 238, 239, 242)

[1] Petitioner's objection was filed 22 days late. In his response to the order to show cause, his counsel asserted that he did not read the text order closely enough and assumed that the Court extended the deadline to the date he requested. (Dkt. 241 at 2) Judge Scoble is correct that this is not excusable neglect and that this court may review the objections for clear error on the face of the record instead of *de novo* review. (Dkt. 242 at 26) However, the claims were reviewed *de novo*.

There are two issues which merit additional discussion. Wyatt's claim that his failure to exhaust some claims fell under the "cause and prejudice" exception and whether a certificate of appealability should be issued.

## I. Wyatt has not shown cause and prejudice for any of the defaulted claims

Wyatt objected to Judge Scoble's finding that several of Wyatt's claims were not exhausted, claiming that he did not address the cause and prejudice exception. (Dkt. 239 at 1) If a claim is procedurally defaulted it generally cannot be "raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 583 U.S. 500, 504 (2003). Cause "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). The existence of cause ordinarily turns on the prisoner's ability to show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488. Cause can be established by showing some "external impediment arising from interference by officials." *Buffalo v. Sunn*, 854 F.3d 1158, 1165 (9th Cir. 1988).

Prejudice requires the petitioner to show more than the possibility of prejudice. *U.S. v. Frady*, 456 U.S. 152, 170 (1982). Instead, he must show that the errors at his trial "worked to his *actual and substantial disadvantage*, infecting his entire trial with error of constitutional dimensions." *Id.* (emphasis altered). There is no prejudice if the cause would not change the outcome. *See Id.*

Here, Wyatt objected to Judge Scoble's finding that many of his claims were exhausted because they were not raised on direct appeal. (Dkt. 239 at 1) In the alternative

he argues that even if the claims were defaulted, he has shown cause and prejudice. (*Id.* at 2) He claims cause existed "because he was incarcerated and had not been provided copies of the record and transcripts needed to make an effective argument" and because "he was not given an opportunity to file an opposition to the state's motion to dismiss because he was being transferred to another facility at the time." (*Id.* at 1-2) He claims prejudice existed because "these errors destroyed his right of due process as guaranteed by the U.S. Constitution." (*Id.* at 2-3)

Judge Scoble addressed cause. (Dkt. 242 at 27) And even if there was cause, there is no prejudice. Both alleged causes relate to Wyatt's claim of ineffective assistance of appellate counsel. (*See* Dkt. 232 at 6 n.1, 7) Wyatt alleges that his "appellate counsel was ineffective for not raising issues related to prosecutorial conduct in his direct appeal." (Dkt. 232 at 6 n.1) But this did not prejudice Wyatt. Judge Scoble is correct that there is no basis to believe that appellate counsel would have succeeded had they raised any of the misconduct claims, including the defaulted claims, on direct appeal. (Dkt. 242 at 22-24) Since none of those claims would affect the outcome, Wyatt cannot show prejudice and the defaulted claims cannot be raised on collateral review.

## II. A Certificate of Appealability will not be issued

Judge Scoble recommended that no certificate of appealability be issued. (Dkt. 242 at 29) Appeals in habeas petitions are governed by 28 U.S.C. § 2253. Section 2253(c)(1)(A) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State

court." Section 2253(c)(2) provides that this certificate may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."

When the claim is rejected on the merits, § 2253(c)(2) requires the applicant to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the claim is rejected for procedural reasons without reaching the underlying constitutional claim, the applicant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Judge Scoble is correct that the outcome of petitioner's claims does not create a dispute which "is subject to reasonable debate amongst jurists." (Dkt. 242 at 29) With respect to the claims that were defaulted (Claims III and IV and Misconduct Claims 1-5 and 7-8), jurists would not reasonably debate that Wyatt failed to raise those claims on direct appeal. With respect to the claims that were addressed on the merits except Claim V, jurists would not reasonably debate whether Wyatt's constitutional rights were violated.[2] With respect to Claim V, jurists would not reasonably debate whether Wyatt's Confrontation Clause rights were violated under the rules that existed at the time of his trial. *See Whorton v. Bockting*, 549 U.S. 406, 421 (2007) (holding that the new rule in *Crawford* was not a "watershed rule" that would apply retroactively in Habeas

[2] This includes the claims that may have been defaulted but which the Report addressed on the merits (Claim II and Misconduct Claim 6).

proceedings). Therefore, there are no grounds to issue a certificate of appealability under § 2253(c)(2) for any claims that were rejected in this order.

## III. Conclusion

Judge Scoble's Final Report and Recommendation at Docket 242 is adopted and the additional discussion in this order is incorporated. Wyatt's Second Amendment Petition is **DISMISSED** and this case is closed. No certificate of appealability will be issued.

IT IS SO ORDERED.

DATED September 21, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge